```
        IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
DARRYL K. WONGUS
                                *
     Plaintiff,
                                *
v.                                        CIVIL NO.: WDQ-06-0183
                                *
CAMBRIDGE POLICE DEPARTMENT,
et al.,                         *

     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Darryl K. Wongus has sued the City of Cambridge, Maryland (the "City" or "Cambridge"),[1] and Cambridge police Sergeant Donald Johnson, Private First Class ("PFC") David Jones, PFC Justin Todd, and PFC Frank Cook (the "Officers") for: (1) violating his civil rights under the Fourth, Fifth, and Eighth Amendments to the U.S. Constitution; (2) violating Articles 24 and 26 of the Maryland Declaration of Rights; and (3) assault, battery, and negligence under Maryland common law. Pending is the Defendants' motion to dismiss, or, alternatively, for summary judgment on the Amended Complaint. For the following reasons, the motion will be granted in part and denied in part.

---

[1] Wongus's original *pro se* Complaint named the Cambridge Police Department. The docket will reflect Wongus's substitution of the City of Cambridge for the Cambridge Police Department as the appropriate defendant.

1

I.  Background

On November 17, 2004, the Circuit Court of Dorchester County, Maryland, convicted Wongus of: (1) possession of a controlled dangerous substance-not marihuana; (2) assault-second degree (two counts); (3) disorderly conduct; (4) failure to obey a reasonable and lawful order; and (5) resisting arrest.  Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem.") Ex. 4 (Maryland Circuit Court case no. 09K04011895 information sheet).  Wongus is incarcerated at the Eastern Correctional Institution in Westover, Maryland.  Am. Compl. ¶¶ 1.

On January 20, 2006, Wongus sued the Defendants for violating his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.  Wongus alleged, *inter alia*, that on February 15, 2004, after he was subdued and handcuffed, the Officers lifted him at least three feet off the ground and purposely dropped him, knocking him unconscious.[2]  Am. Compl. ¶ 16.

On March 1, 2006, the Defendants moved to dismiss or for summary judgment on Wongus's claims.  On July 26, 2006, the Court granted the Defendants' motion for summary judgment on Wongus's Fourteenth Amendment claim that he was denied medical care after his arrest, but denied the motion on Wongus's Fourth Amendment

---

[2] The parties' versions of the events surrounding the arrest differ greatly, and are summarized in the Court's July 26, 2006 Memorandum Opinion (Paper No. 21).

claim that the Officers used excessive force during his arrest. Paper No. 22.

On August 17, 2006, the Court appointed counsel for Wongus, and, on October 2, granted leave to amend the Complaint. On October 27, Wongus filed his amended, fourteen-count complaint, seeking:

    Count I: compensatory damages for the Officers' violations of his Fourth, Fifth, and Eighth Amendments rights;

    Count II: punitive damages for the Officers' "violation[s] of [his] constitutional rights;"

    Count III: compensatory damages for the Officers' "violation[s] of [his] statutory rights;"

    Count IV: compensatory damages for the City's "violation[s] of [his] constitutional rights;"

    Count V: compensatory damages for the Officers' violations of Articles 24 and 26 of the Maryland Declaration of Rights;

    Count VI: punitive damages for the Officers' violations of Articles 24 and 26 of the Maryland Declaration of Rights;

    Count VII: compensatory damages for the Officers' assault and battery;

    Count VIII: punitive damages for the Officers' assault and battery;

3

>Count IX: compensatory damages for the Officers' negligence;
>
>Count X: punitive damages for the Officers' negligence;
>
>Count XI: compensatory damages for the City's *respondeat-superior* liability for the Officers' torts;
>
>Count XII: punitive damages for the City's *respondeat-superior* liability for the Officers' torts;
>
>Count XIII: compensatory damages for the City's negligence;
>
>Count XIV: punitive damages for the City's negligence.

II. Discussion

A. Federal Constitutional Claims (Counts I, II, and IV)

1. Fourth Amendment Claims

Wongus opposes the Defendants' motion "to the extent that it seeks the dismissal of the excessive force claims based on governmental or statutory immunity." Pl.'s Mem. in Opp'n ("Opp'n") 2. The Defendants state that their motion does not ask for dismissal of or summary judgment on "Wongus's federal constitutional claim for excessive use of force or for maintaining a policy or procedure which permits the excessive use of force." Defs.' Mem. in Reply 2.

For the reasons stated in its July 26, 2006 Memorandum Opinion, the Court has determined that Wongus has stated a claim for relief for excessive force in violation of the Fourth Amendment, and has presented sufficient evidence for that claim

to withstand summary judgment.  Paper No. 22.  Thus Counts I and II of the Amended Complaint, which together allege an excessive force claim against the Officers for compensatory and punitive damages, and Count IV, which states a claim against the City for permitting the use of excessive force, will remain.  Although Wongus does not specify in Counts II or IV which provisions of which constitutions were violated, as discussed below, he fails to state a claim for relief under the Fifth or Eighth Amendments of the U.S. Constitution, as alleged in Count I, and his state constitutional claims will be dismissed, so the Court will limit the claims in Counts II and IV to violations of the Fourth Amendment of the U.S. Constitution.

2.  Fifth and Eighth Amendment Claims

Count I alleges that "[t]he intentional dropping of and beating of [Wongus] by [the Officers] violated the rights of Plaintiff as guaranteed by the Fourth, Fifth, and Eighth Amendments."  Am. Compl. ¶ 28.

As the Defendants correctly argue, claims of excessive force during an arrest are governed by the Fourth Amendment's prohibition against unreasonable seizures of the person. *Graham v. Connor,* 490 U.S. 386, 388, 394 (1989); *Riley v. Dorton,* 115 F.3d 1159, 1161 (4th Cir. 1997).  Thus, Wongus's allegation of excessive force in Count I does not state a claim for violation

of the Due Process Clause of the Fifth (or, as would be correct against a state actor, the Fourteenth) Amendment.

Count I also fails to state a claim under the Eighth Amendment. As the Supreme Court has held:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.

*Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977); *accord City of Revere v. Mass. General Hosp.*, 463 U.S. 239, 244 (1983) (*citing Ingraham*, 430 U.S. at 671 n.40). As there was no formal adjudication of guilt against Wongus at the time of the alleged use of excessive force, the Eighth Amendment does not apply.

Wongus has not challenged the Defendants' arguments against his Fifth and Eighth Amendment claims in Count I.

Although Wongus has failed to state a claim under the Fifth, Fourteenth, or Eighth Amendments, Count I survives because it states a claim for relief, pursuant to 42 U.S.C. § 1983, for a violation of the Fourth Amendment.


B.  Statutory Civil Rights Violations (Count III)

The Defendants argue that Count III does not identify which particular civil rights statute was allegedly violated and thus should be dismissed for failure to state a claim.

6

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a motion to dismiss for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.

Wongus avers in Count III that the Officers' use of excessive force was done with "willful and wanton indifference to and deliberate disregard for the statutory rights of the Plaintiff."  He does not mention a specific statute in Count III, and the only statute mentioned in the preceding paragraphs incorporated by reference, other than jurisdiction and venue statutes (28 U.S.C. §§ 1331, 1332, 1343, 1367, and 1391), is 42 U.S.C. § 1983.

Section 1983 permits civil suits against "person[s] who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects or causes [them] to be subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  Section "1983 is not itself a source of substantive

7

rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham,* 490 U.S. at 394 (citation and internal quotation marks omitted).

It is apparent that Count III is meant to convey that Wongus brings his federal civil rights claims in Counts I, II, and IV pursuant to 42 U.S.C. § 1983. As Wongus does not allege the violation of any statutory right, Count III will be dismissed for failure to state a claim.

C.  State Law Claims (Counts V through XIV)

The Defendants argue, *inter alia*, that Wongus's state law claims are barred by his failure to comply with the notice requirements of Maryland's Local Government Tort Claims Act (the "LGTCA"), Md. Code Ann., Cts. & Jud. Proc. §§ 5-301 to -304, and thus should be dismissed for failure to state a claim. The City alleges that Wongus never provided notice of his state-law tort claims as required under LGTCA § 5-304.

"Typically, a plaintiff must notify the municipality to be sued, and indeed plead notification in the complaint, in compliance with § [5-304(b)] to avail himself of the immunity waiving provisions of the [LGTCA]." *Downey v. Collins*, 866 F. Supp. 887, 889 (D. Md. 1994) (*citing Madore v. Balt. County,* 34 Md. App. 340, 342 (Md. Ct. Spec. App. 1976)). LGTCA § 5-304(b) provides that: "an action for unliquidated damages may not be

8

brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." § 5-304(b).  "[T]he LGTCA applie[s] to all torts without distinction, including . . . constitutional torts.'"  *Martino v. Bell*, 40 F. Supp. 2d 719, 723 (D. Md. 1999) (*quoting Thomas v. City of Annapolis*, 113 Md. App. 440, 457 (Md. Ct. Spec. App. 1997)); *Ashton v. Brown*, 339 Md. 70, 108 n.19 (1995).

Wongus states in his opposition memorandum that, "[a]fter reviewing the authorities cited by Defendants' Memorandum, [he] has filed herewith a Second Amended Complaint dismissing all of Plaintiff's state law claims."  Opp'n 2.  Wongus has neither requested the Court's leave to amend nor filed a proposed second amended complaint.  Wongus has not alleged that he complied with the LGTCA's notice requirements, or otherwise challenged the Defendants' arguments for dismissing his state law claims.

The affirmative defense of sovereign immunity is appropriately decided as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  *See J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 385 n.4. (4th Cir. 1990) ("Waiver of sovereign immunity is a jurisdictional prerequisite in the nature of, but not the same as, subject matter jurisdiction, in that unless sovereign immunity be waived, there may be no consideration of the subject matter.").

Absent compliance with the notice requirements of the LGTCA, the Court lacks subject matter jurisdiction over Wongus's state law claims.  Accordingly, Counts V though XIV will be dismissed.

III. Conclusion

For the reasons stated above, the Defendants' motion will be granted in part and denied in part, and Counts III, and V through XIV will be dismissed.

January 29, 2007                          /s/
Date                             William D. Quarles, Jr.
                                 United States District Judge